**FILED**

APR 3 0 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHAABAN SHAABAN HAFED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-0497 |
| | ) | |
| STATE OF ISRAEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff alleges that he and other family members "since 1948 became refugees when their grandparents and parents [were] forcibly expelled from their own home and land in Palestine and never allowed to return . . . despite the United Nations resolutions and the U.N. partition plan issued [in] 1947." Compl. at 3. He states that "Israeli Zionist terrorists expropriated [the land he inherited] in violation of international law." *Id.* at 3-4. Among other relief, plaintiff demands return of the property and monetary compensation of $500 million "for using the land for more than 60 years and for lost [sic] of home, cattles, fruit trees, and other belongings." Compl. at 15 (Request for Relief).

Generally, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States." 28 U.S.C. § 1604. There are exceptions to this general rule, and plaintiff purports to bring this action under the property expropriation exception to the Foreign Sovereign Immunities Act ("FSIA"), which provides:

A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . . in which rights in property taken in violation of international law are in issue <u>and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state</u>; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States[.]"

28 U.S.C. § 1605(a)(3) (emphasis added).

The Court will dismiss the complaint on two grounds. First, the complaint does not allege that the property allegedly expropriated by the State of Israel in violation of international law is present in the United States in connection with a commercial activity carried on in the United States by Israel in the United States. Second, insofar as plaintiff demands compensation for the expropriation and use of the land, the claimed exception to the FSIA does not apply. *See Friedar v. Gov't of Israel*, 614 F. Supp. 395, 399 (S.D.N.Y. 1985) (finding Sec. 1605(a)(3) inapplicable to an ex-Israeli soldier's claim that the Israeli Army failed to compensate him for medical and other expenses incurred from 1948 to 1975); *Canadian Overseas Ores Ltd. v. Compania de Acero del Pacifico S.A.*, 528 F.Supp. 1337, 1346 (S.D.N.Y. 1982) ('[t]he language of [the expropriation exception], applicable to tangible property, is on its face inapplicable to a contractual right to be paid"), *aff'd*, 727 F.2d 274 (2d Cir. 1984).

The Court will dismiss this action under 28 U.S.C. §1915A(b)(1) because the complaint fails to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date: April 29, 2009